**McGRAW v. UNITED STATES.**

**HERSEY v. SAME.**

Nos. 4117, 4118.

Circuit Court of Appeals, First Circuit.

July 15, 1946.

540

Alfred A. Albert, of Boston, Mass., and Clarence Scott, of Old Town, Me., for appellants.

John D. Clifford, Jr., U.S. Atty., and Edward J. Harrigan, Asst. U. S. Atty., both of Portland, Me., and Nathan T. Elliff, Sp. Asst. to Atty. Gen., for appellee.

Before EDGERTON, MAHONEY, and WOODBURY, Circuit Judges.

WOODBURY, Circuit Judge.

It is conceded that for present purposes the facts of these cases are similar. So, the cases coming before us on a single record, and having been briefed as one, we can dispose of these appeals by a single opinion even though they have not been consolidated.

In 1942 both appellants were indicted, tried by jury, convicted and sentenced for violating § 11 of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 311, in that they refused to report for induction pursuant to notices sent to them by their local draft board.[1] Upon completion of the sentences then imposed both were again classified in 1-A by their local board. Neither made any attempt to obtain review of his classification by a board of appeal, and in due course late in August 1944, both submitted upon orders to pre-induction physical examinations. As a result of these examinations both were found physically and mentally acceptable for general military service. Subsequently in mid March 1945, they were ordered a second time to report for induction and again they refused to do so. Indictment, trial, this time they waived trial by jury and were tried by the court, and conviction followed, and they have taken these appeals from the judgments of sentence thereupon entered.

Both appellants have waived appeal on the ground of double jeopardy. They contend only that they are entitled to new trials on the ground that the court below erred under the rule of the Estep and Smith cases (Estep v. United States, 66 S.Ct. 423), in refusing to permit them to submit evidence that their local board, acted arbitrarily, capriciously and contrary to law in classifying them in 1-A, instead of in IV-D, the classification they claim as members of the sect known as Jehovah's Witnesses.

Since neither appellant attempted any administrative review of the classification given him by the local board, neither has pursued the administrative remedies available to him to exhaustion, and it is now firmly established that unless a registrant does so he may not challenge the legality of his classification in the courts. Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305; Billings v. Truesdell, 321 U.S. 542, 558, 64 S.Ct. 737, 88 L.Ed. 917; Estep v. United States, supra.

The judgments of the District Court are affirmed.

---

[1] Both are registrants of Local Board 2, Penobscot County, Bangor, Maine.